## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**LeClairRyan**
1037 Raymond Boulevard, Sixteenth Floor
Newark, NJ 07102
Telephone: 973.491.3600
Attorneys for Defendants, TGI Friday's Inc., Sentinel Capital Partners, LLC and Tri-Artisan
Capital Partners, LLC (improperly pled as TriArtisan Capital Partners)

| | |
|---|---|
| MICHAEL GRACE, on behalf of himself, and all others similarly situated, | CIVIL ACTION NO._____ |
| Plaintiffs, | **(HONORABLE _____)** |
| v. | |
| T.G.I. FRIDAY'S INC.; SENTINEL CAPITAL PARTNERS, LLC; and TRIARTISAN CAPITAL PARTNERS, | |
| Defendants. | |

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1332, 1441, 1446 and 1453,

defendants, TGI Friday's Inc. ("TGIF"), a New York corporation, with its principal offices in

Carrollton, Texas, Sentinel Capital Partners, LLC ("Sentinel"), a Delaware limited liability

company, with its sole member residing in New York and Tri-Artisan Capital Partners, LLC

(improperly pled as TriArtisan Capital Partners) ("Tri-Artisan"), a Delaware limited liability

company, with its sole member residing in Delaware and New York, through their counsel,

LeClairRyan, hereby remove to this Court the above styled putative class action, pending as Case

No. BUR-L-2286-14 in the Superior Court of New Jersey, Burlington County, Law Division.

Defendants believe that all of plaintiff's claims are without merit, and will dispute them at the appropriate time, but for purposes of removal state as follows:

1.     Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1453 to remove this action from the Superior Court of New Jersey, Law Division, Burlington County, where the case is now pending under the name and style, Michael Grace, on behalf of himself, and all others similarly situated v. T.G.I. Fridays, Inc.; Sentinel Capital Partners, LLC; TriArtisan Capital Partners, bearing Docket No. BUR-L-2286-14.

2.     In accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint filed by plaintiffs on or about October 6, 2014, in the Superior Court of New Jersey, as well as the Track Assignment Notice issued by the state court, are attached hereto as Exhibit "A".

3.     Pursuant to Fed. R. Civ. P. 81(c)(2), defendants must answer or otherwise plead in response to the Complaint within seven (7) days of the filing of this Notice of Removal.  In addition, in accordance with L. Civ. R. 6.1(b), defendants are entitled to an additional fourteen (14) extension of this time period.  Attached hereto as Exhibit "B", is an application for an extension of time to answer or otherwise plead.

4.     TGIF received the Summons and Complaint by service upon its registered agent on October 22, 2014.

5.      Sentinel has not been served with the Summons and Complaint.

6.     Tri-Artisan has not been served with the Summons and Complaint.

7.     Accordingly, the within Notice of Removal is hereby filed within thirty (30) days of defendant TGIF's first receipt by proper service of plaintiff's Summons and Complaint.  See 28 U.S.C. § 1446(a) and (b).  Notably, as Sentinel and Tri-Artisan have yet to be served, their

respective time for removal has not yet begun to run. Delalla v. Hanover Insurance, 660 F.3d 180, 185 (2011).

8.     This action is removable to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1453 and 28 U.S.C. § 1332 (d)(2).  TGIF is a New York corporation with its principal place of business in Carrollton, Texas and is, therefore, a citizen of New York and Texas for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).  Sentinel is a Delaware limited liability company with its sole member residing in New York, New York and is therefore, a citizen of New York for purposes of diversity jurisdiction. Coleman v. Chase Home Finance, LLC, 2009 WL1323598 (D.N.J.); Carden v. Arkoma Assoc., 494 U.S. 185, 195-196 (1990).  Tri-Artisan is a Delaware limited liability company, with its sole member residing in Delaware and New York and is therefore a citizen of Delaware and New York for purposes of diversity jurisdiction.  Id.  As admitted in the Complaint, plaintiff, at the time this action was commenced, was a citizen of New Jersey, residing in Somerdale, New Jersey.  (See Compl., ¶1, Ex. A).

9.     The Court has original jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA").  CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which…any member of a class of plaintiffs in a citizen of a state different from any defendant," and the number of members of all proposed plaintiff classes exceeds 100. 28 U.S.C. §1332(d)(2)(A) and (d)(5).  As explained below, these criteria are all met here.

10.     Amount in Controversy.  Based on the allegations in the Complaint, the aggregate amount in controversy for purposes of determining CAFA jurisdiction exceeds $5,000,000, exclusive of interest and costs.  First, the proposed class alleged by plaintiff encompasses

hundreds of patrons.  At paragraph 23 of the Complaint, plaintiff alleges "[t]he proposed class consists of all customers of New Jersey T.G.I. Fridays, Sentinel Capital Partners, and TriArtisan Partners restaurants who purchased items from the menu that did not have a disclosed price from July 14, 2014 onward.  The members of the prospective class are so numerous that joinder of all class members is impractical.  Plaintiff's good faith belief is that there are hundreds of plaintiff class members as defendant operates a chain of high traffic restaurants."  (Plaintiff Compl., ¶23, Ex. A.)  There are 34 TGIF locations in New Jersey.  Plaintiff claims that all customers who purchased a beer, soda or mixed drink at one of those locations since July 2014 is entitled to, at a minimum, $100 civil penalty under the New Jersey Truth in Consumer Contract Warranty and Notice Act, N.J.S.A. 56:12-14 et. seq. ("TCCWNA"), for each purchase made.  In other words, each purchase is a separate violation subject to the $100.00 penalty so if a patron purchased three drinks during one visit, said customer is entitled to a $300.00 civil penalty, at a minimum. Indeed, it should be noted that N.J.S.A. 56:12-17 establishes a civil penalty "of not less than $100.00" for a violation meaning that $100 is the statutory minimum such that a Court could award a greater amount.  Even at 50,000 transactions, the civil penalty under TCCWNA alone would reach the sum of $5,000,000.  Moreover, plaintiffs alleged class definition has no end date, so if plaintiff's theory of liability is believed, the amount of class members will continue to increase until such time as the Court imposes a definitive class period end date.  TCCWNA also provides for the payment of attorney's fees and costs.  Further, under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et. seq. ("CFA"), plaintiff seeks actual damages, treble damages, an award of attorney's fees, a refund to each consumer and injunctive relief.  Further, plaintiff seeks punitive damages in connection with Count III of his Complaint, for breach of contract.  All of

these demands are appropriately considered in determining the amount in controversy and taken together, clearly satisfy the jurisdictional minimum.

11.     Plaintiff's allegation at paragraph 7 of the Complaint that, "upon information and belief, the class wide amount in controversy is less than $5,000,000.00 by virtue of the short amount of time" is legally insufficient to prevent removal of this matter under CAFA.  Pursuant to Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013), even where a class action plaintiff stipulates that the class will not seek damages greater than $5,000,000.00, the defendant still has a right to removal under CAFA, because the putative class representative's stipulation is not binding upon the proposed class.   Similarly, plaintiff's allegation in his Complaint, that, upon information and belief, the class wide controversy does not exceed $5,000,000 is not binding upon the proposed putative class and cannot prevent removal under CAFA.

12.     Citizenship of the Parties.  CAFA requires only minimal diversity, namely that "any member of a class of plaintiffs is a citizen of a state different from any defendant…" 28 U.S.C. § 1332(d)(2)(A).   Here, there is complete diversity of citizenship between the named plaintiff and defendants.  According to plaintiff's Complaint he is a citizen of New Jersey, where defendants are citizens of Texas, New York and Delaware.

13.     Number of Class Members.  Plaintiff's Complaint, at paragraph 23, alleges that "there are hundreds of class members."

14.     The above described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 exclusive of interest and cost; this is a putative class action in which the sole named defendant is a citizen of New Jersey and defendants, TGIF, Sentinel and Tri-Artisan, are citizens

of New York, Texas and Delaware; and based on the  allegations in the complaint the number of members of the proposed plaintiff class exceeds 100, specifically all customers of TGIF who order drinks off of a menu.

15.    None of the exceptions to jurisdiction set forth in § 1332(d)(3) or (d)(4) apply.

16.    By filing this Notice of Removal, Defendants do not waive any defense that may be available to them, including, but not limited to, the right to contest in personam jurisdiction, improper service of process, and improper venue, in this Court in the court from which this action has been removed.

WHEREFORE, defendants, TGI Friday's Inc., Sentinel Capital Partners, LLC; and Tri-Artisan Capital Partners, LLC pray that the above action now pending against them in the Superior Court of New Jersey, Burlington County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c) and § 1453.

LeClairRyan
Attorneys for Defendants,
TGI Friday's Inc., Sentinel Capital Partners, LLC,
and Tri-Artisan Capital Partners, LLC.

By: _____
Matthew S. Schultz

Dated:  November 20, 2014

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, Matthew S. Schultz, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.  However, a matter entitled <u>Dugan v. TGI Friday's Inc., and Carlson Restaurants Worldwide, Inc.</u>, which involves one of the parties to this suit, similar allegations and the same law firm for plaintiff is presently pending in New Jersey Superior Court, Burlington County, under docket no. BUR-L-126-10.   In addition, another matter, entitled <u>Cameron v. South Jersey Pubs, Inc.</u>, which involves similar allegations and the same law firm for plaintiff is presently pending in New Jersey Superior Court, Burlington County, under docket no. BUR-L-2106-14.

LeClairRyan
Attorneys for Defendants,
TGI Friday's Inc., Sentinel Capital Partners, LLC,
and Tri-Artisan Capital Partners, LLC.


By: _____
        Matthew S. Schultz

Dated:  November 20, 2014

# EXHIBIT A

SUMMONS

Attorney(s)  SANDER D. FRIEDMAN/WESLEY HANNA

Office Address  125 NORTH ROUTE 73

Town, State, Zip Code  WEST BERLIN, NJ 08091

Telephone Number  (856) 988-7777

Attorney(s) for Plaintiff  MICHAEL GRACE

MICHAEL GRACE

Plaintiff(s)

Vs.

T.G.I.FRIDAY'S, INC.; SENTINEL CAPITAL

PARTNERS, LLC.; TRIARTISAN CAPITAL PARTNERS

Defendant(s)

## Superior Court of New Jersey

BURLINGTON        COUNTY

LAW                DIVISION

Docket No:  BUR-L-002386-14

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                              Clerk of the Superior Court

DATED:  10/17/2014

Name of Defendant to Be Served:  T.G.I. FRIDAY'S INC.

Address of Defendant to Be Served:  REGISTERED AGENT PRENTICE HALL CORP. SYSTEM
                              830 BEAR TAVERN ROAD TRENTON, NJ 08628

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                        OCTOBER 07, 2014
COURT TELEPHONE NO. (609) 518-2815


                    RE:    GRACE VS TGI FRIDAYS INC
                    DOCKET: BUR L -002386 14


THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.
THE MANAGING JUDGE ASSIGNED IS:  HON MARC M. BALDWIN
IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 003 AT:  (609) 518-2830.


DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE JUDGE AND
RUNS FROM THE FIRST ANSWER OR 90 DAYS OF SERVICE ON THE FIRST DEFENDANT, WHICHEVER
COMES FIRST


IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION
OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.  PLAINTIFF MUST
SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.


THE SUPREME COURT HAS APPROVED A PILOT PROGRAM IN THIS COUNTY FOR THE GENERAL
EQUITY JUDGE ON CONSENT OF ALL PARTIES TO INDIVIDUALLY HANDLE COMPLEX COMMERCIAL
CASES THROUGH RESOLUTION.  ALL PARTIES AND COUNSEL MUST CONSENT IN WRITING
SUBMITTED TO THE DIVISION MANAGER WITHIN 30 DAYS OF THE FILING OF THE FIRST ANSWER
TO WAIVE A JURY, RESOLVE THE CASE WITHIN ONE YEAR AND PARTICIPATE IN
COMPLEMENTARY DISPUTE RESOLUTION.
                            ATT: WESLEY HANNA
                            LAW OFF OF SANDER D FRIEDMAN
                            125 NORTH ROUTE 73
                            WEST BERLIN     NJ 08091


JUCFLY0

**Appendix XII-B1**



| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| **CIVIL CASE INFORMATION STATEMENT (CIS)** Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| | | CHG/CK NO. |
| | | AMOUNT: |
| | | OVERPAYMENT: |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME Wesley Hanna, Esquire | TELEPHONE NUMBER (856) 988-7777 | COUNTY OF VENUE Burlington |
|---|---|---|
| FIRM NAME (if applicable) Law Office of Sander D. Friedman, Esquire | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS 125 North Route 73, West Berlin, New Jersey | | DOCUMENT TYPE Class Action Complaint |
| | | JURY DEMAND ☒ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Michael Grace, Plaintiff | CAPTION Michael Grace, on behalf of himself and all others similarly situated v. T.G.I.Fridays, Inc.; Sentinel Capital Partners, LLC; TriArtisan Capital Partners |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) *other* CFA Class action | HURRICANE SANDY RELATED? ☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING? ☐ Yes ☐ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ☐ No | |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION | |

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| ATTORNEY SIGNATURE: |



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☒ Putative Class Action   ☐ Title 59

LAW OFFICE OF SANDER D. FRIEDMAN, LLC
Wesley Hanna, Esquire
Attorney ID: 0043792006
Sander D. Friedman, Esquire
Attorney ID: 005371993
125 North Route 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorney ID: 005371993
Attorneys for Plaintiff Robert Cameron

**FILED**
OCT 0 6 2014

2014 OCT -6 PM 1: 37

**RECEIVED**
BY: 005

| | |
|---|---|
| Michael Grace on behalf of himself and all others similarly situated, | Superior Court New Jersey Burlington County – Law Division |
| *Plaintiff,* | Docket no: Bur-L- 2286.14 |
| v. | Civil Action **CLASS ACTION** |
| T.G.I.Fridays, Inc; Sentinel Capital Partners, LLC; TriArtisan Capital Partners | |
| *Defendant.* | **COMPLAINT** |

~~This action is brought by the Plaintiff on behalf of himself, and all others~~ similarly situated, whose joinder in this action is impracticable because of the number of Plaintiffs and the size of their prospective claims.

## THE PARTIES

1.    Plaintiff Michael Grace resides in Somerdale, NJ.

2.    Defendant T.G.I.Fridays, Inc ("TGIF") is a New York corporation with its principal place of business in Carrollton, Texas.

3.    Upon information and belief, Sentinel Capital Partners, LLC ("Sentinel") is a Delaware limited liability company with its principal place of business in New York.

4.    Upon information and belief, TriArtisan Capital Partners, LLC ("TriArtisan") is a Delaware limited liability company with its principal place of business in New York.

## Jurisdiction Statement

5.     Jurisdiction is appropriate by virtue of the defendants contacts with the state of New Jersey, including but not limited to the operation of numerous restaurants within the state.

6.     Venue is appropriate because the events giving rise to this lawsuit took place in Burlington County, New Jersey.

7.     Upon information and belief, the T.G.I.Fridays chain of restaurants has been owned and substantially controlled by Sentinel Capital Partners and TriArtisan Capital Partners since July 14, 2014.   A separate class action against T.G.I.Fridays and its prior owner has been filed, survived dismissal, confirmed on appeal, and certified.  The certified class definition excluded T.G.I.Fridays customers that patronized the establish from the time Sentinel Capital Partners and TriArtisan Capital Partners purchased and took control of the relevant operations.  This class action only concerns acts and omissions by T.G.I.Fridays from that date forward.  Upon information and beleif, the class wide amount in controversy is less than $5,000,000.00 by virtue of the short amount of time

## Background Allegations

8.     T.G.I.Fridays is a restaurant chain that sells food and drinks for consumption on Defendants' premises.

9.     The point of purchase for the food and drink Defendants sells for on-site consumption is at the table and/or bar where the customer is presented with a menu and places their order with a waiter, waitress, or bartender.

10.     Encompassed within Defendants' menus is an affirmative offer to sell food items. Defendants' menus list prices for every food item.

11.     Also encompassed within Defendant's menus is an affirmative offer to sell soda, beer, mixed drinks, and other beverages.  These menus - provided to customers in the usual course of business - fail to disclose the prices of beverages.

12.     Prices for the beer, mixed drinks and soft drinks Defendants offer for sale are not displayed at the point of purchase via menu or any other form of notice.

13.     T.G.I.Fridays' practice of making an affirmative offer for the sale of beverages without posting prices at the point of purchase facilitates Defendants selling more beverages at a given price point than would be feasible if the prices were disclosed. Upon information and belief, Sentinel Capital Partners and TriArtisan Capital Partners know of the practice, know of its objective, approve of the practice, participate in the practice, control the practice, and/or benefit from the practice.

14.     Defendants' practice of making an affirmative offer for the sale of beverages without prices on otherwise comprehensively priced menus is an intentional and carefully planned act.  Defendants engage in a practice known as "menu engineering" - the deliberate and strategic construction of menus to exploit consumer psychology and manipulate customer perceptions.  Nothing is left to chance, including the manner in which prices are presented.  Every menu composition decision is purpose driven.

15.     Upon information and belief, Defendants' practice of offering certain beverages without prices from their otherwise comprehensively priced menus is designed to encourage customers to make impulsive purchasing decisions; force customers to interact with and make their purchase inclinations known to wait/sales staff in order to learn drink prices; enable Defendants to charge slightly excessive prices on some drinks without losing sales; facilitate Defendant's practice of charging grossly excessive prices on other drinks; and facilitate price discrimination and/or charging different prices for the same product based on undisclosed and arbitrary criterion.

16.     Defendants' practice of offering certain beverages without prices from their otherwise comprehensively priced menus is designed to facilitate Defendants' practice of charging different prices for the same beverage depending on where in the restaurant the beverage is ordered.

17.     Defendant's practice of charging different prices for the same beverage depending on where in the restaurant the beverage is ordered is not disclosed to Defendants' patrons at the point of purchase or anywhere else in the restaurant.

18.     Defendants do not disclose the price of soft drinks, mixed drinks, beer, and most other beverages until after the beverage has already been consumed.

19.     Plaintiff Michael Grace is a consumer who has dined at various T.G.I.Fridays.  In the course of those visits, Mr. Grace has ordered unpriced soft drinks, mixed drinks, and beer off Defendant's otherwise comprehensively priced menus.

20.     For example, Mr. Grace visited Defendants' Evesham location for a drink on September 30, 2014.  He was presented with a menu, saw a mixed drink offered for sale, and requested one from his server.  At a staggering $10.39, the cost of the drink was far greater than he expected it to be and in excess of a reasonable price for the beverage.

21.     Mr. Grace only became aware of Defendant's beverage pricing and their pricing practices upon being served with an invoice AFTER consuming the beverages.

22.     Plaintiff would like to return to Defendant's restaurant to purchase food and beverages but would like to be able to know the prices of the beverages so he can make an informed decision after consideration of all his options without having to interact with sales staff.

## CLASS ALLEGATIONS

23.     The proposed class consists of all customers of New Jersey T.G.I.Fridays, Sentinel Capital Partners, and TriArtisan Partners restaurants who purchased items from the menu that did not have a disclosed price from July 14, 2014 onward. The members of the prospective class are so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are hundreds of plaintiff class members as Defendant operates a chain of high traffic restaurants. The exact number and identities of the class members are currently unknown and can only be ascertained from the books and records of the Defendants and/or appropriate discovery.

24.     Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual member of the class.

25.     Common questions of fact include, but may not be limited to:  Do the Defendants fail to disclose the price of merchandise they offer for sale?

26.     Common questions of law include, but may not be limited to:

> (a)     Do Defendant's actions constitute a violation under the Consumer Fraud Act?
>
> b)     Is Defendant's conduct in failing to provide pricing information for the beverages they offer for sale to consumers in violation of the Consumer Fraud Act and the Truth in Consumer Contract Warranty and Notice Act?

27.     Plaintiff's claims are typical of the claims of the class.  Plaintiff has the same interest as all other members of the class - Plaintiff has an identical interest to pursue the violator of the Consumer Fraud Act and Truth in Consumer Contract Warranty and Notice Act as it relates to beverage charges. The class members allege the Defendant violates New Jersey statutes and have been unjustly enriched as a result of their practices.

28.     Plaintiff will fairly and adequately represent and protect the interest of the class. Plaintiff is an individual who purchased beverages from the Defendant and has a vested interest in not being a victim to violators of the New Jersey Consumer Fraud Act and Truth in Consumer Contract Warranty and Notice Act. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation. The interest of the Plaintiff is coincident to, and not antagonistic to, the interest of other class members.

29.     The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for these. The Defendants hold policies that affect all class members identically.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members with respect to each alleged violation are relatively small (for example, the beverage charges here range from only $2.00 for a beer to $6.99 for a mixed drink). The expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs imposed upon them.

## COUNT I
## Consumer Fraud - *N.J.S.A. 56:8-1 et. seq.*

31.     The price of an item offered for sale is a material term to a consumer transaction.

32.     Defendants knowingly and/or intentional fail to disclose the prices of soft drinks, beer, mixed drinks and other beverages they offer for sale.

33.     Defendants' practices constitute unconscionable commercial practices and/or otherwise violate the Consumer Fraud Act.

34.     Defendants' practice of omitting prices for beverages affirmatively offered for sale in their otherwise comprehensive menus induces consumers to pay higher than reasonable prices for those beverages.

35.     Defendants' practices constitute a form of "bait and switch" advertising under N.J.S.A. 56:8-2.2 as the price of the purchased items are not revealed until after the consumer is presented with a bill and the merchandise has already been consumed and the prices are sometimes different in different locations of the restaurant.

36.     Defendants' practices constitute a violation of N.J.S.A. 56:8-2.5 because Defendants sell, attempt to sell or offer for sale merchandise that is not price marked at the point of purchase.

37.     The above actions of the Defendants violate New Jersey's Consumer Fraud Act as to the Plaintiff and the plaintiff class.

38.     Plaintiffs suffered an ascertainable loss as a result of Defendants unlawful practice by being charged more than the reasonable price for a beverage that was offered for sale without prices.

        Wherefore, Plaintiff Michael Grace, and the putative class, requests judgment against Defendant South Jersey Pubs and the putative Defendant class as follows:

    a.   Compelling a refund of all sums collected for the sale of beverages not price marked pursuant to N.J.S.A. 56:8-2.11;
    b.   Awarding actual and consequential damages;
    c.   Trebling said damages pursuant to *N.J.S.A. 56:8-19*;
    d.   Awarding counsel fees and costs pursuant to *N.J.S.A. 56:8-19*;
    e.   compelling a change in practice in accord with New Jersey price disclosure requirements; and
    f.   Awarding other such relief that the Court deems fair and necessary.

## COUNT III
## Breach of Contract

46.   The above allegations are herein incorporated by reference.

47.   The sale of beverages to Plaintiff represented a contract between Plaintiff and Defendants.  Since the price was not disclosed until after the beverage was consumed and at time invoice, the transaction is subject to the law governing contracts without an agreed upon price term.  In such circumstances, the only allowable price is an objectively reasonable price set in good faith.

48.   Defendants charged more than objectively reasonable prices for its beverages and set those prices in bad faith.  Defendants' prices reflect the reality that consumers that are fully informed with price information will trade down and save money whereas customers without price information will make purchases based on presumptions of reasonableness.  Defendants then charge in excess of reasonable prices, setting prices against an amount determined likely to cause customers to look twice instead of an amount customers would have agreed to pay if fully informed.

49.   Plaintiff was damaged as a result of this practice.

Wherefore, Plaintiff Michael Grace and the putative class requests judgment against Defendant South Jersey Pubs as follows:

   a.   Awarding actual damages;
   b.   Awarding punitive damages
   c.   Awarding counsel fees and costs pursuant to N.J.S.A. 56:12-17
   d.   Awarding other such relief that the Court deems fair and necessary.


## COUNT IV
## Unjust Enrichment

50.   The above allegations are herein incorporated by reference.

51.   The sale of beverages to Plaintiff represented a contract between Plaintiff and Defendant.  Since the price was not disclosed until after the beverage was consumed and at time invoice, the transaction is subject to the law governing contracts without an agreed upon price term.  In such circumstances, the only allowable price is an objectively reasonable price set in good faith.

52.   In the alternative, the lack of a price term rendered the contract for the sale of beverages a nullity, limiting Defendants to the right to only recoup their reasonable costs.

53.   Defendant charged more than objectively reasonable prices for its beverages and set those prices in bad faith.  Defendants' prices reflect the reality that consumers that are fully informed with price information will trade down and save money whereas customers without price information will make purchases based on presumptions of reasonableness.  Defendants then charge in excess of reasonable prices, setting prices

against an amount determined likely to cause customers to look twice instead of an amount customers would have agreed to pay if fully informed.

54.    Defendants have been unjustly enriched by the practice at Plaintiff's expense.

Wherefore, Plaintiff Michael Grace and the putative class requests judgment against Defendant South Jersey Pubs as follows:

a.    Disgorgement and refund of all money wrongfully collected.
b.    Awarding counsel fees and costs pursuant to N.J.S.A. 56:12-17.
c.    Awarding other such relief that the Court deems fair and necessary.

LAW OFFICE OF SANDER D. FRIEDMAN

DATED: October 2, 2014            WESLEY HANNA

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Wesley Hanna, Esquire is hereby designated as trial counsel on behalf of the Plaintiff.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

## CERTIFICATION OF COUNSEL PURSUANT TO RULE 4:5-1

I, the undersigned, hereby certify the matter in controversy is not the subject of any other action in any court nor a pending arbitration proceeding.  However, a matter entitled Dugan v. TGIFriday's, Inc. and Carlson Restaurants Worldwide, LLC, docket number BUR-L-126-10 includes a claim made by a different plaintiff against TGI Friday's, Inc. and Carlson Restaurants Worldwide, Inc.  That action survived dismissal, was confirmed on appeal, and was certified.  The certified class definition excluded T.G.I.Fridays customers that patronized the establish from the time  Sentinel Capital Partners and  TriArtisan Capital Partners purchased and took control of the relevant opperations.  This class action only concerns acts and omissions by T.G.I.Fridays from that date forward (July 14, 2014).

Another matter entitled Cameron v. South Jersey Pubs, BUR-L-2106-14, includes a claim made by a different plaintiff against a TGIFridays franchisee on a substantially

similar legal theory as claims set forth in this complaint.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF SANDER D. FRIEDMAN

BY: _____

DATED: October 2, 2014                    WESLEY HANNA

# EXHIBIT B

**LeClairRyan**
1037 Raymond Boulevard, Sixteenth Floor
Newark, NJ 07102
Telephone: 973.491.3600
Attorneys for Defendants, TGI Friday's Inc., Sentinel Capital Partners, LLC; and Tri-Artisan
Capital Partners, LLC (improperly pled as TriArtisan Capital Partners)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GRACE, on behalf of himself, and all others similarly situated,<br><br>              Plaintiffs,<br>  v.<br><br>T.G.I. FRIDAY'S INC.; SENTINEL CAPITAL PARTNERS, LLC; and TRIARTISAN CAPITAL PARTNERS,<br><br>              Defendants. | CIVIL ACTION NO._____<br><br>**(HONORABLE** _____ **)**<br><br>**APPLICATION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD PURSUANT TO LOCAL CIVIL RULE 6.1(b)** |

Application is hereby made for a Clerk's Order pursuant to Local Rule of Civil Procedure 6.1(b) of the United States District Court for the District of New Jersey extending the time within which defendants, TGIF Friday's Inc, Sentinel Capital Partners, LLC; and Tri-Artisan Capital Partners, LLC (improperly pled as TriArtisan Capital Partners) (collectively, "defendants"), may reply, plead or otherwise defend with respect to plaintiff, Michael Grace's Complaint, and it is represented that:

    (i)     plaintiff filed his Complaint in State Court on October 6, 2014;

    (ii)    defendant TGIF was served with the Summons and Complaint on October 22, 2014;

    (iii)   defendants Sentinel and Tri-Artisan have not been served with the Summons and Complaint;

14613650.1

(iv)    defendants filed the within Notice of Removal on November 20, 2014;

(v)    pursuant to <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 81(c)(2)(C), defendants must answer or present other defenses or objections within 7 days after the Notice of Removal is filed or, on or before November 27, 2014;

(vi)    pursuant to <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 6(a)(i)(C), because November 27, 2014 and November 28, 2014 are legal holidays, defendants' responsive pleading would be due on December 1, 2014;

and

(vii)    no previous extension has been granted.

**LeClairRyan**
Attorneys for Defendants, TGI
Friday's Inc., Sentinel Capital
Partners, LLC; and Tri-Artisan
Capital Partners, LLC (improperly
pled as TriArtisan Capital Partners)

By: _____
           Matthew S. Schultz

Dated: November 20, 2014

14613650.1

**LeClairRyan**
1037 Raymond Boulevard, Sixteenth Floor
Newark, NJ 07102
Telephone: 973.491.3600
Attorneys for Defendants, TGI Friday's Inc., Sentinel Capital Partners, LLC; and Tri-Artisan
Capital Partners, LLC (improperly pled as TriArtisan Capital Partners)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GRACE, on behalf of himself, and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>T.G.I. FRIDAY'S INC.; SENTINEL CAPITAL PARTNERS, LLC; and TRIARTISAN CAPITAL PARTNERS,<br><br>        Defendants. | CIVIL ACTION NO._____<br><br>**(HONORABLE _____)**<br><br>**ORDER FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD PURSUANT TO LOCAL CIVIL RULE 6.1(b)** |

This matter having come before the Clerk pursuant to Local Civil Rule 6.1(b), and the application having been properly made;

IT IS on this the _____ day of _____, 2014, hereby

**ORDERED** that the time within which defendants, TGI Friday's Inc., Sentinel Capital Partners, LLC; and Tri-Artisan Capital Partners, LLC (improperly pled as TriArtisan Capital Partners) (collectively, "defendants"), may reply, plead or otherwise defend, with respect to plaintiff, Michael Grace's Complaint, is extended for a period of fourteen (14) days and thus, defendants shall file its response on or before December 15, 2014.

> WILLIAM T. WALSH
> Clerk, U.S. District Court
>
> By:_____

14613650.1