LAW OFFICE OF SANDER D. FRIEDMAN
Sander D. Friedman, Esquire
Wesley Hanna, Esquire
125 North Route 73
West Berlin, New Jersey 08091
Tel: (856) 988-7777
Attorneys for Plaintiff Michael Grace

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
| | |
|---|---|
| Michael Grace on behalf of himself and all others similarly situated, : | Civil Case No: 14-7233(RBK)(KMW) |
| : | |
| *Plaintiff,* : | Civil Action |
| : | |
| v. : | |
| : | **CLASS ACTION** |
| T.G.I.Fridays, Inc; Sentinel Capital Partners, LLC; Tri-Artisan Capital Partners, LLC, : | |
| : | **FIRST AMENDED COMPLAINT** |
| *Defendant.* : | |
| : | |

_____

   This action is brought by the Plaintiff on behalf of himself, and all others similarly situated, whose joinder in this action is impracticable because of the number of Plaintiffs and the size of their prospective claims.

### THE PARTIES

1.   Plaintiff Michael Grace resides in Somerdale, New Jersey.

2.   Defendant T.G.I.Fridays, Inc ("TGIF") is a New York corporation with its principal place of business in Carrollton, Texas.

3.   Upon information and beleif, Sentinel Capital Partners, LLC ("Sentinel") is a Delaware limited liability company with its principal place of business in New York.

4.   Upon information and belief, Tri-Artisan Capital Partners, LLC ("Tri-Artisan") is a Delaware limited liability company with its principal place of business in New York.

## Jurisdiction Statement

5.     Jurisdiction has already been determined in this case by way of an Opinion and Order dated July 27, 2015 (ECF 11 and 12)

## Background Allegations

6.     T.G.I.Fridays is a nationwide restaurant chain that sells food and drinks for consumption on Defendants' premises.

7.     The point of purchase for the food and drink Defendants sells for on-site consumption is at the table and/or bar where the customer is presented with a menu and places their order with a waiter, waitress, or bartender.

8.     Encompassed within Defendants' menus is an affirmative offer to sell food items. Defendants' menus list prices for every food item.

9.     Also encompassed within Defendant's menus is an affirmative offer to sell soda, beer, mixed drinks, and other beverages.  These menus - provided to customers in the usual course of business - fail to disclose the prices of beverages.

10.    Prices for the beer, mixed drinks and soft drinks Defendants offer for sale are not displayed at the point of purchase via menu or any other form of notice.

11.    T.G.I.Fridays' practice of making an affirmative offer for the sale of beverages without posting prices at the point of purchase facilitates Defendants selling more beverages at a given price point than would be feasible if the prices were disclosed. Upon information and belief all Defendants know of the practice, know of its objective, approve of the practice, participate in the practice, control the practice, and/or benefit from the practice.

12.    Defendants' practice of making an affirmative offer for the sale of beverages without prices on otherwise comprehensively priced menus is an intentional and carefully planned act.  Defendants engage in a practice known as "menu engineering" - the deliberate and strategic construction of menus to exploit consumer psychology and manipulate customer perceptions.  Nothing is left to chance, including the manner in which prices are presented.  Every menu composition decision is purpose driven.

13.    Upon information and belief, Defendants' practice of offering beverages without prices from their otherwise comprehensively priced menus is designed to encourage customers to make impulsive purchasing decisions; force customers to interact with and make their purchase inclinations known to wait/sales staff in order to learn drink prices; enable Defendants to charge excessive prices on beverages without losing sales. Defendants' practices of offering beverages without prices is done in bad faith.

14.     Upon information and belief, Defendants knowledge of the market affords them an opportunity to charge more than the reasonable price for beverages by using menus that do not disclose price of those beverages.  Plaintiff and those similarly situated spend more then they otherwise would had prices been available.  For these reasons Defendants decided to withhold price information from the consumers by keeping them off the menu.

15.     Upon information and belief,  Defendants have determined that customers expect to see menu prices but will order anyway based on a presumption of reasonableness.

16.     Upon information and belief, Defendants has determined the reasonable prices of all items it offers on its menus but charges more than reasonable prices for the beverages that are left unpriced on the menus.

17.     Defendants do not disclose the price of soft drinks, mixed drinks, beer, and most other beverages until after the beverage has already been consumed.

18.     Plaintiff Michael Grace is a consumer who has dined at various T.G.I.Fridays.  In the course of those visits, Mr. Grace has ordered unpriced beverages off Defendant's otherwise comprehensively priced menus.

19.     For example, Mr. Grace visited Defendants' Evesham, New Jersey location for a drink on September 30, 2014.   He was presented with a menu, saw a mixed drink offered for sale, and requested one from his server.  At a staggering $10.39, the cost of the drink was far greater than he expected it to be and in excess of a reasonable price for the beverage.

20.     Mr. Grace only became aware of Defendant's beverage pricing and their pricing practices upon being served with an invoice AFTER consuming the beverages.

21.     Plaintiff would like to return to Defendant's restaurant to purchase food and beverages but would like to be able to know the prices of the beverages so he can make an informed decision after consideration of all his options without having to interact with sales staff.

## CLASS ALLEGATIONS

22.     The proposed class consists of all customers of T.G.I.Fridays, Sentinel Capital Partners, and Tri-Artisan Partners restaurants nationwide who purchased items from the menu that did not have a disclosed price from October 6, 2008 onward.  The members of the prospective class are so numerous that joinder of all class members is impractical.  Plaintiff's good faith belief is that there are hundreds of thousands of plaintiff class members as Defendant operates a nationwide chain of high traffic restaurants.  The exact number and identities of the class members are currently unknown and can only be ascertained from the books and records of the Defendants and/or appropriate discovery.

23.     Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual member of the class.

24.     Common questions of fact include, but may not be limited to:

    (a)     Do the Defendants fail to disclose the price of merchandise (beverages) they offer for sale?

    (b)     Do the Defendants charge more than an objectively reasonable price for its merchandise (beverages)?

25.     Common questions of law include, but may not be limited to:

    (a)     Do Defendant's actions constitute a breach of contract by charging more than an objectively reasonable price for its merchandise (beverages)?

    (b)     Is Defendant unjustly enriched by way of their conduct in failing to provide pricing information of its merchandise (beverages)?

26.     Plaintiff's claims are typical of the claims of the class.  Plaintiff has the same interest as all other members of the class - Plaintiff has an identical interest to pursue breach of contract and unjust enrichment claims as it relates to beverage charges.  The class members allege the Defendant breached contracts and has been unjustly enriched as a result of their practices.

27.     Plaintiff will fairly and adequately represent and protect the interest of the class.  Plaintiff is an individual who purchased beverages from the Defendant and has a vested interest in not being a victim of Defendant's sharp practices.  Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation.  The interest of the Plaintiff is coincident to, and not antagonistic to, the interest of other class members.

28.     The questions of law and fact common to members of the class predominant over any questions affecting individual class members.  The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for these.  The Defendants hold policies that affect all class members identically.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual class members with respect to each alleged violation are relatively small (for example, the beverage charge was $10.39 for a mixed drink).  The expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs imposed upon them.

## COUNT I
## Breach of Contract

30. The above allegations are herein incorporated by reference.

31. The sale of beverages to Plaintiff represented a contract between Plaintiff and Defendants. Since the price was not disclosed until after the beverage was consumed and at time invoice, the transaction is subject to the law governing contracts without an agreed upon price term. In such circumstances, the only allowable price is an objectively reasonable price set in good faith.

32. Defendants charged more than objectively reasonable prices for its beverages and set those prices in bad faith. Defendants' prices reflect the reality that consumers that are fully informed with price information will trade down and save money whereas customers without price information will make purchases based on presumptions of reasonableness. Defendants then charge in excess of reasonable prices, setting prices against an amount determined likely to cause customers to look twice instead of an amount customers would have agreed to pay if fully informed.

33. Plaintiff was damaged as a result of this practice.

Wherefore, Plaintiff Michael Grace and the putative class requests judgment against Defendants as follows:

    a. Awarding actual damages;
    b. Awarding punitive damages;
    c. Awarding counsel fees and costs;
    d. Awarding other such relief that the Court deems fair and necessary.

## COUNT II
## Unjust Enrichment

34. The above allegations are herein incorporated by reference.

35. The sale of beverages to Plaintiff represented a contract between Plaintiff and Defendant. Since the price was not disclosed until after the beverage was consumed and at time invoice, the transaction is subject to the law governing contracts without an agreed upon price term. In such circumstances, the only allowable price is an objectively reasonable price set in good faith.

36. In the alternative, the lack of a price term rendered the contract for the sale of beverages a nullity, limiting Defendants to the right to only recoup their reasonable costs.

37. Defendant charged more than objectively reasonable prices for its beverages and set those prices in bad faith. Defendants' prices reflect the reality that consumers

that are fully informed with price information will trade down and save money whereas customers without price information will make purchases based on presumptions of reasonableness.  Defendants then charge in excess of reasonable prices, setting prices against an amount determined likely to cause customers to look twice instead of an amount customers would have agreed to pay if fully informed.

38. Defendants have been unjustly enriched by the practice at Plaintiff's expense.

Wherefore, Plaintiff Michael Grace and the putative class requests judgment against Defendants as follows:

    a.    Disgorgement and refund of all money wrongfully collected;
    b.    Awarding punitive damages;
    c.    Awarding counsel fees and costs;
    d.    Awarding other such relief that the Court deems fair and necessary.

                                LAW OFFICE OF SANDER D. FRIEDMAN
                                */s/Sander Friedman*
DATED: July 28, 2015          SANDER FRIEDMAN, ESQ.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

                                LAW OFFICE OF SANDER D. FRIEDMAN
                                */s/Sander Friedman*
DATED: July 28, 2015          SANDER FRIEDMAN, ESQ.