NOT FOR PUBLICATION (Doc. No. 15)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Michael GRACE, *on behalf of himself and all others similarly situated*, | : : : : |
| Plaintiff, | : Civil No. 14–7233 (RBK/AMD) : |
| v. | : **OPINION** : |
| T.G.I. FRIDAYS, INC., et al., | : : |
| Defendants. | : : |

**KUGLER**, United States District Judge:

This action comes before the Court on the motions of Defendants T.G.I. Fridays, Inc. ("TGIF"), Sentinel Capital Partners, LLC ("Sentinel"), and Tri-Artisan Capital Partners, LLC (improperly pled as TriArtisan Capital Partners) ("Tri-Artisan") to strike Plaintiff Michael Grace's Amended Complaint and to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this putative class action in the Superior Court of New Jersey, Law Division, Burlington County on October 6, 2014. Notice of Removal ("NOR") ¶ 1. TGIF was served with a copy of the Summons and Complaint on October 22, 2014, and Defendants timely removed Plaintiff's Complaint to this Court on November 20, 2014 (Doc. No. 1). Neither Sentinel nor Tri-Artisan were served with the Summons and Complaint in the State Court action as of the filing of the Notice of Removal. NOR ¶¶ 5–6.

1

Defendants moved to dismiss Plaintiff's Complaint on December 12, 2014 (Doc. No. 4). Plaintiff moved to remand on December 17, 2014 (Doc. No. 6). On December 22, 2014, this Court dismissed without prejudice Defendants' Motion to Dismiss, pending resolution of Plaintiff's Motion for Remand (Doc. No. 7). This Court denied Plaintiff's motion to remand on July 27, 2015 (Doc. Nos. 11 and 12). Plaintiff filed his Amended Complaint on July 28, 2015 (Doc. No. 13). Defendants then moved to dismiss the Amended Complaint on August 24, 2015 (Doc. No. 15).

The facts, as set forth by the FAC, are as follows: TGIF is a restaurant chain that sells food and drinks to patrons on the premises. Am. Compl. ¶ 6. TGIF's New Jersey locations sell beer, mixed drinks, soft drinks, and other beverages without disclosing the actual price of those items at the point of purchase via menu or any other form of notice. *Id.* ¶ 9–10. The prices for the beverages are only revealed to the customer after they have been consumed. *Id.* ¶ 17. TGIF "charges more than reasonable prices for the beverages that are left unpriced on the menus." *Id.* ¶ 16. Plaintiff is a consumer and has dined at various TGIF restaurants. *Id.* ¶ 18. On September 30, 2014, he visited TGIF's Evesham, New Jersey location ("Evesham TGIF"). *Id.* ¶ 19. He requested a mixed drink from his server. *Id.* The drink cost $10.39, "far greater than he expected it to be and in excess of a reasonable price for the beverage." *Id.* Plaintiff did not know the price of the mixed drink until he was given an invoice after consuming the beverage. *Id.* ¶ 20.

## II.     MOTION TO STRIKE

Defendants argue that this Court should strike the Amended Complaint because Plaintiff filed the Amended Complaint without leave of this Court. *See* Defs.' Br. at 8–9. A plaintiff may amend a complaint as of right within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1). Plaintiff could therefore amend his Complaint as of right until January 2, 2015—within 21 days of service of Defendants' December 12, 2014 motion to dismiss. Plaintiff asks this Court to "construe the 21 day amendment period as beginning on the day a matter is removed or the day any remand motion is resolved, whichever is later." Pl.'s Opp'n Br. at 7. The text of Rule 15(a)(1) does not support this construction, however, and Plaintiff has not cited any precedent in his favor. This Court therefore declines to rewrite Rule 15(a)(1) as Plaintiff requests. Plaintiff was outside the time in which he could amend his Complaint as a matter of course.

      A plaintiff may otherwise amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff in this case did not receive Defendants' consent or this Court's leave to file his Amended Complaint—and therefore he did not abide by Rule 15(a)(2). But this Court will accept Plaintiff's Amended Complaint as the operative complaint. Plaintiff filed the Amended Complaint the day after this Court denied Plaintiff's remand motion. Defendant cannot, and indeed does not, argue undue delay. Furthermore, this Court must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given that a district court "should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), dismissing the Amended Complaint without prejudice would only delay the resolution of Defendants' motions to dismiss. The Supreme Court has instructed that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178 (1962). Defendants' motion to strike the Amended Complaint is therefore denied. This Court trusts that the parties will adhere closely to both the Federal Rules of Civil Procedure and the Local Civil Rules going forward.

**III.   PERSONAL JURISDICTION**

Sentinel and Tri-Artisan move to dismiss Plaintiff's claims against them for lack of personal jurisdiction. *See* Defs.' Br. at 9–14. Because this Court did not hold an evidentiary hearing, Plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Plaintiff is "entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *Id.*

**A.   DUE PROCESS**

A court may exercise personal jurisdiction over a defendant only to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). The New Jersey long-arm statute permits courts to assert personal jurisdiction "to the fullest limits of due process." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). Plaintiff does not assert any facts to support general personal jurisdiction over Sentinel or Tri-Artisan. *See* Am. Compl. ¶ 3 (Sentinel is "a Delaware limited liability company with its principal place of business in New York" and Tri-Artisan is "a Delaware limited liability company with its principal place of business in New York."). This Court must therefore determine whether exercising specific personal jurisdiction over Sentinel and Tri-Artisan would comply with due process.

A court may exercise specific personal jurisdiction over an out-of-state defendant only when that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The focus of the analysis is whether the "relationship among the defendant, the forum, and the litigation" is sufficient to confer personal jurisdiction. *Helicopteros Nacionales de Colombia,*

4

*S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific personal jurisdiction exists only when the cause of action arises out of or relates to the defendant's activities in the forum State. *See id.* at 414 n.9. Due process is satisfied, for example, if "the defendant has 'purposefully directed' his activities at residents of the forum" *and* "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Plaintiff asserts that "[t]he sale of beverages to Plaintiff represented a contract between Plaintiff and Defendants." Am. Compl. ¶ 31. Whether a valid contract exists is a legal, not a factual, determination. *ATACS Corp. v. Trans World Commc'ns Inc.*, 155 F.3d 659, 665 (3d Cir. 1998). This Court need not accept legal conclusions set forth in a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff does not allege any facts to support the legal conclusion that either Sentinel or Tri-Artisan were party to any contract between Plaintiff and Defendant TGIF.[1] Plaintiff's breach of contract claim therefore cannot arise out of Sentinel or Tri-Artisan's contacts with New Jersey.

Plaintiff also fails to allege any facts suggesting that either Sentinel or Tri-Artisan had a sufficiently direct relationship with Plaintiff, such that Plaintiff's unjust enrichment claim arises out of their contacts with New Jersey. *See Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 200 (D.N.J. 2012) (requiring a "sufficiently direct relationship" between plaintiff and defendant to sustain an unjust enrichment claim). Plaintiff does not allege that Sentinel or

---

[1] Plaintiff argues that Sentinel and Tri-Artisan are "barred by the doctrines of collateral estoppel and judicial estoppel[]" from arguing that they "are not sufficiently involved in the unlawful scheme or transaction." *See* Pl.'s Opp'n Br. at 10. Plaintiff fails to provide a record upon which the Court may make such a determination. But as it does not appear that either Sentinel or Tri-Artisan were parties to the state court litigation, this Court cannot apply either doctrine against them. *See San Remo Hotel, L.P. v. San Francisco*, 545 U.S. 323, 336 n.16 (2005); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996).

Tri-Artisan "owns, operates, and/or controls the operations of restaurants that sell food and drinks for consumption on the restaurant's premises" or that TGIF "restaurants use menus created by or on behalf of" Sentinel or Tri-Artisan. *See Pauly v. Houlihan's Restaurants, Inc.*, 2012 WL 6652754 at *4 (D.N.J. 2012) (holding such allegations adequate to show a "sufficiently direct relationship" between plaintiff and defendant). Plaintiff alleges only that "all Defendants"—including Sentinel and Tri-Artisan—"know of the practice, know of its objective, approve of the practice, participate in the practice, control the practice, and/or benefit from the practice." Am. Compl. ¶ 11. This conclusory allegation is not enough to show that Sentinel and Tri-Artisan purposefully directed their activities towards New Jersey residents or that Plaintiff's unjust enrichment claim arose out of Sentinel and Tri-Artisan's contacts with New Jersey.

As this Court explains above, Plaintiff fails to allege facts suggesting that his breach of contract and unjust enrichment claims arise out of or relate to Sentinel or Tri-Artisan's activities in New Jersey. The "relationship among the defendant, the forum, and the litigation" is therefore not sufficient for this Court to exercise specific personal jurisdiction over either Sentinel or Tri-Artisan. *Helicopteros*, 466 U.S. at 414. This Court will grant Sentinel and Tri-Artisan's motions to dismiss for lack of personal jurisdiction.

Plaintiff requests jurisdictional discovery for the purpose of establishing specific personal jurisdiction. *See* Pl.'s Opp'n Br. at 10. To be entitled to jurisdictional discovery, Plaintiff must "present[] factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state[.]'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Because Plaintiff does not present *any* factual allegations suggesting that Sentinel or Tri-Artisan were party to any contract between Plaintiff

6

and TGIF or had any direct relationship with Plaintiff, he is not entitled to jurisdictional discovery on Sentinel and Tri-Artisan's contacts with New Jersey.

### B.   LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Regardless of the facts alleged, this Court cannot assert personal jurisdiction over Sentinel and Tri-Artisan unless and until they are properly served with the complaint "in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991). Plaintiff presents no evidence that he ever effectuated a valid service of process upon Sentinel or Tri-Artisan. This Court will therefore grant Sentinel and Tri-Artisan's motions to dismiss for insufficient service of process. If Plaintiff moves for leave to amend the Amended Complaint, he must first properly serve Sentinel and Tri-Artisan under Rule 4. In the absence of proper service, any attempt to amend the Amended Complaint to establish personal jurisdiction over Sentinel and Tri-Artisan will be futile.

## IV.   SUBJECT MATTER JURISDICTION

For a district court to have jurisdiction, a plaintiff must have standing at the time of the filing of the complaint. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.5 (1992). Plaintiffs bear the burden of proof to establish standing. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). To establish standing, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal relationship between that injury and the challenged action; and (3) the likelihood that a favorable decision would redress that injury. *See Defenders of Wildlife*, 504 U.S. at 560–61. In evaluating a Rule 12(b)(1) motion, the Court

applies a different burden of proof depending on whether the defendant "attack[s] the complaint on its face" or "attack[s] the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

      Defendants argue that Plaintiff has no injury in fact if Plaintiff's counsel directed him to visit the Evesham TGIF and purchase a beverage. Defs.' Reply Br. at 3. When assessing a Rule 12(b)(1) factual attack, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Plaintiff's breach of contract and unjust enrichment claims rest on allegations that Plaintiff suffered a monetary injury because TGIF charged him in excess of what was reasonable for a beverage, and Plaintiff did not know the price until after consuming the beverage and receiving the invoice. Am. Compl. ¶¶ 18–20. Whether Plaintiff retained counsel prior to his September 30, 2014 visit to the Evesham TGIF or in the week between his visit and Plaintiff's counsel filing his Complaint on October 6, 2014 is therefore relevant and dispositive to whether Plaintiff suffered any injury in fact.

      Plaintiff bears the burden of establishing standing at each successive stage of litigation. *Defenders of Wildlife*, 504 U.S. at 561. Presumably Plaintiff knows the exact date he retained counsel. Plaintiff, however, does not provide an affidavit or certification testifying to that date. Instead, Plaintiff argues Defendants' standing argument is "premature" and that "it is entirely *plausible* that Michael Grace and others have contacted Plaintiff's counsel very soon after" purchasing an allegedly unpriced beverage at TGIF. Pl.'s Opp'n Br. at 6 (emphasis added).

      This Court will grant jurisdictional discovery limited to the standing issue. Within thirty (30) days of the conclusion of jurisdictional discovery, the parties shall submit supplemental briefing on the question of Plaintiff's standing to bring his claims. Until this Court is assured that

8

it has subject matter jurisdiction to hear this case, it declines to consider Defendants' Rule 12(b)(6) motions and Defendants' motion to dismiss Plaintiff's class allegations.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to strike the Amended Complaint is denied. Sentinel and Tri-Artisan's motions to dismiss for lack of personal jurisdiction and for insufficient service of process are granted. Plaintiff's claims against Sentinel and Tri-Artisan shall be dismissed without prejudice. Plaintiff must properly serve Sentinel and Tri-Artisan before this Court will grant him leave to amend his claims against Sentinel and Tri-Artisan.

This Court will grant jurisdictional discovery limited to the issue of whether Plaintiff has standing to bring his claims for breach of contract and unjust enrichment. Within thirty (30) days of the conclusion of jurisdictional discovery, the parties shall submit supplemental briefing on the standing issue. In the meantime, this Court will dismiss without prejudice Defendants' motions to dismiss for failure to state a claim and motion to dismiss class allegations. Defendants may refile those motions when and if this Court is satisfied it has jurisdiction to hear Plaintiff's claims.

Dated: 03/14/2016                            s/ Robert B. Kugler

                                                                         ROBERT B. KUGLER
                                                                         United States District Judge